NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2017
Decided March 1, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA D. ROVNER, *Circuit Judge*

No. 16-3462

| | |
|---|---|
| GOODCAT, LLC, | Appeal from the United States District |
|     *Plaintiff-Appellee*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
|     *v.* | |
| | No. 1:16-cv-01514-RLY-DML |
| DAVID COOK, *et al.*, | |
|     *Defendants*, | Richard L. Young, |
| | *Judge*. |
| CLOUDTOWN, LLC, *et al.*, | |
|     *Intervenor-Defendants-Appellants*. | |

## O R D E R

Intervenor-Defendants Cloudtown, LLC; DB Vapes, LLC; DNM Ventures, LLC; Licensed E-Liquid Manufacturing LLC; VapeINg, LLC; and Vapor Bank E-Liquid, LLC (collectively, "Intervenor-Appellants") appeal the district court's decision to enjoin the enforcement of certain provisions of Indiana Code § 7.1-7-1-1 *et seq.* (the "Act"). In light of our decision in *Legato Vapors, LLC v. Cook*, — F.3d —, No. 16-3071, 2017 WL 393265 (7th Cir. Jan. 30, 2017), we dismiss the appeal as moot.

Appellee GoodCat, LLC is a Florida-based manufacturer of e-liquids.[1] Before the Act, GoodCat supplied nearly 200 of Indiana's retail outlets with e-liquid products. In 2015, however, the Indiana legislature enacted the statute at issue, which in part required e-liquid manufacturers to obtain a permit from the Indiana Alcohol and Tobacco Commission by June 30, 2016, "before mixing, bottling, packaging, or selling e-liquid to retailers or distributors in Indiana." Ind. Code § 7.1-7-4-1(a). To secure a permit, in-state and out-of-state manufacturers had to satisfy certain "security requirements." *Id.* § 7.1-7-4-1(d)(1)–(3). After multiple failed attempts to obtain a permit, GoodCat brought suit, alleging that the Act's security requirements violated the dormant Commerce Clause in Article I, Section 8 of the United States Constitution. Intervenor-Appellants, in-state and out-of-state e-liquid manufacturers that had successfully secured permits, opposed GoodCat's challenge to the Act. The district court held in GoodCat's favor and enjoined enforcement of the Act's security requirements as applied to out-of-state manufacturers. Intervenor-Appellants appealed.

On January 30, 2017, while the appeal was pending, this Court decided *Legato Vapors*. There, three different out-of-state e-liquid manufacturers had also alleged that the Act's security requirements "violate[d] the dormant Commerce Clause prohibition on extraterritorial state regulation of commerce," as applied to out-of-state manufacturers. *Legato Vapors*, 2017 WL 393265, at *2. We agreed:

> From the perspective of the dormant Commerce Clause, these are extraordinary provisions … . As applied to out-of-state manufacturers, the security provisions of the Indiana Act violate the Commerce Clause …. They operate as extraterritorial legislation, governing the services and commercial relationships between out-of-state manufacturers and their employees and contractors.

*Id*. at *6–7. As a result, we ordered the district court to "declare the challenged provisions unenforceable against out-of-state manufacturers." *Id*. at *10.

Article III of the Constitution requires that federal courts decide only those disputes that present "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990) (citation omitted). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). The mandate in *Legato Vapors* issued on February 21, 2017. *See*

---

[1] E-liquids are nicotine-containing liquids used in vaping devices such as electronic cigarettes.

Fed. R. App. P. 41 advisory committee's note to 1998 amendments (a court of appeals' judgment or order is final upon issuance of the mandate; "at that time the parties' obligations become fixed"). Thus, *Legato Vapors* renders the current appeal moot. At oral argument, Intervenor-Appellants acknowledged that "[t]he only way that this case isn't moot is if one of two things happens": (1) Indiana seeks *certiorari* review from the Supreme Court, and that review is granted; or (2) this Court exercises its Circuit Rule 40(e) review and overturns *Legato Vapors*. First, as noted above, an appellate judgment's finality hinges on the issuance of the mandate, not on potential Supreme Court review. In any event, Indiana has not yet sought such review. Second, because we conclude there is no reason to overrule *Legato Vapors*, circulation under Circuit Rule 40(e) is not required.

AFFIRMED.